## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 21-40119-BSK |
| | ) | |
| Vincent Julian Dominguez and Daria Leann | ) | |
| Dominguez, | ) | |
|   *Debtors* | ) | CHAPTER 7 |
| | ) | |
| Carvana, LLC, *Creditor.* | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Vincent Julian Dominguez and Daria Leann | ) | |
| Dominguez, *Debtors* | ) | |
| | ) | |
| and | ) | |
| | ) | |
| James A. Overcash, *Trustee* | ) | |
| | ) | |

## **MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Carvana, LLC, its successors and/or assignees, ("Secured Creditor"), and in support of its motion states as follows:

1.     Secured Creditor files this motion under Rules 4001 and 9014, Rules of Bankruptcy Procedure.

2.     On February 3, 2021, the Debtors filed a Chapter 13 Bankruptcy Petition wherein Secured Creditor or it predecessor in interest was listed as a secured creditor as to personal property of Debtor.

3.     Jurisdiction is invoked in the District Court under 28 U.S.C. §1334(a) and jurisdiction is proper in this Court pursuant to 28 U.S.C. §1408(1) and §157(b)(2)(G).

4.     Vincent Julian Dominguez and Daria Leann Dominguez, ("Debtors"), reside at 623 7th St., Saint Paul, NE 68873.

5.     James A. Overcash is the Chapter 13 Trustee duly appointed by law ("Trustee").

6.      On June 5, 2020, Vincent Dominguez ("Debtor") executed a Contract ("Contract") in the principal sum of $16,750.35.  A true and correct copy of the Contract is attached hereto as **Exhibit "A"**.

7.      All obligations (collectively, the "Obligations") of the Debtor under the Contract are secured by a 2016 Chevrolet Malibu VIN #1G1ZE5ST1GF208580 ("Vehicle") as evidenced by a Vehicle Certified of Title ("Title") naming Movant as the legal owner thereof.  A copy of the Title is attached hereto as **Exhibit "B"**.

8.      As of March 18, 2021, the outstanding Obligations under the Contract total $16,705.48.

9.      The current value of the Vehicle as of March 18, 2021 according to NADA is $15,350.00. A true and correct copy of NADA's valuation is attached hereto as **Exhibit "C".**

10.      Secured Creditor asserts that the Debtor has not made all of the payments towards satisfaction of the loan since the inception of said loan.  The loan is in default for February 20, 2021 and all subsequent payments thereafter.  The following amounts are now due and owing:

| | | | |
|---|---|---|---|
| Monthly payments: | 2 at $378.00 | = | $756.00 |
| Late Charges | | = | $10.00 |
| NSF Charge | | = | $15.00 |
| Bankruptcy Attorney Fees & Costs: | | = | $638.00 |
| **Total Delinquencies:** | | | **$1,396.00** |

11.      These amounts due and owing are in addition to any amounts that have come due after the filing of this Motion pursuant to the terms of the Contract.

12.      The Debtor has failed to cure the delinquency and the estate lacks sufficient assets from which the delinquency can be cured.  Creditor's interest in the real property lacks adequate protection.

13.      Debtor has materially defaulted with respect to payment of Secured Creditor's secured claim and has caused unreasonable delay, which is prejudicial to Secured Creditor.

2

14.     Additionally, pursuant to the Debtors' Statement of Intention filed February 10, 2020, the Debtors' intention is to surrender the Vehicle to Secured Creditor.  A copy of the Statement of Intention is attached hereto as **Exhibit "D"**. Pursuant to the attached declaration debtors have already surrendered the vehicle.

15.     To remedy this prejudicial delay to Secured Creditor, an Order for Relief from the Automatic Stay should be granted that is effective immediately without a stay of enforcement pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3).

16.     Furthermore, there appears to be no equity with respect to the subject Vehicle, and the Vehicle is not necessary for effective reorganization. Consequently, pursuant to 11 U.S.C. Section 362(d)(2) and U.S.C. § 1301(c) cause exists to grant relief from stay and co-debtor relief from stay.

17.     Creditor seeks relief for the purpose of exercising its remedies available under state law, to continue all acts necessary to secure possession of the subject Vehicle and sell the Vehicle in a commercially reasonable manner without further Hearing before this Court pursuant to applicable state law.

WHEREFORE, Secured Creditor, its successors and/or assignees, prays that it be granted Relief from the Automatic Stay of 11 U.S.C. §362 to enforce its lien granted in the Contract and for such other and further relief as the Court deems proper.

Date: March 24, 2021                    Respectfully submitted,
                                        GHIDOTTI BERGER, LLP
                                        __/s/ Erica Loftis_____
                                        Erica Loftis (CABN 259286)
                                        1920 Old Tustin Avenue
                                        Santa Ana, CA 92705
                                        Ph:  (949) 427-2010
                                        Fax: (949) 427-2732
                                        eloftis@ghidottiberger.com
                                        Attorney for Movant.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN RE:                                                    )    CASE NO.: 21-40119-BSK
                                                          )
Vincent Julian Dominguez and Daria Leann                  )
Dominguez,                                                )
*Debtors.*                                                )    CHAPTER 13
                                                          )
Carvana, LLC, *Creditor.*                                 )
                                                          )
vs.                                                       )
                                                          )
Vincent Julian Dominguez and Daria Leann                  )
Dominguez,                                                )
*Debtors.*                                                )
                                                          )
and                                                       )
                                                          )
James A. Overcash, *Trustee*                              )
                                                          )

## DECLARATION IN SUPPORT OF MOTION
## FOR RELIEF FROM THE AUTOMATIC STAY

I,  , hereby declare and state as follows:

1.      I am over the age of eighteen years and not a party to this action.  The facts set for

the below are known to me personally based upon the review of the business records and I have

first-hand knowledge of them.  If called as a witness, I could and would testify competently

under oath to such facts.

2.      I am employed by Carvana, LLC ("Movant").  In the regular performance of my

job functions, I am familiar with and have access to the business records maintained by Movant.

These records, which include date compilations, electronically imaged documents, and others,

are made at or near the time of date by, or from information provided by persons with knowledge

of the activity and transactions reflected in such records, and are kept in the course of business

activity conducted regularly by Movant. It is the regular practice of Movant business to make

and/or maintain these records including the records of prior servicers of the loans now serviced

by Movant, including the Subject Loan at issue in this action. Movant relies upon the accuracy of

those records in conducting its business of servicing loans, including the Subject Loan at issue in this action.

3.      I regularly verify Movant's records, loan histories, correspondence, and communication histories. This entails reviewing, becoming familiar with, and participating in the review of documents related to loan accounts for Movant. From my employment for Carvana, LLC, I am familiar with its business operations and with the services that Movant offers to its customers.

4.      I have personally reviewed Movant's records as they related to the Subject Loan obligation referred to herein, and as to the following facts, I know them to be true of own knowledge or I have gained knowledge of them from my review of Movant's business records. If called upon to testify, I could and would competently testify to the following under oath.

5.      On June 5, 2020, Vincent Dominguez ("Debtor") executed a Contract ("Contract") in the principal sum of $16,750.35. A true and correct copy of the Contract is attached hereto as **Exhibit "A"**.

6.      All obligations (collectively, the "Obligations") of the Debtor under the Contract are secured by a 2016 Chevrolet Malibu VIN #1G1ZE5ST1GF208580 ("Vehicle") as evidenced by a Vehicle Certified of Title ("Title") naming Movant as the legal owner thereof. A copy of the Title is attached hereto as **Exhibit "B"**.

7.      As of March 18, 2021, the outstanding Obligations under the Contract total $16,705.48.

8.      The current value of the Vehicle as of March 18, 2021 according to NADA is $15,350.00. A true and correct copy of NADA's valuation is attached hereto as **Exhibit "C"**.

9.      Secured Creditor asserts that the Debtor has not made all of the payments towards satisfaction of the loan since the inception of said loan. The loan is in default for February 20, 2021 and all subsequent payments thereafter. The following amounts are now due and owing:

| | | | |
|---|---|---|---|
| Monthly payments: | 2 at $378.00 | = | $756.00 |
| Late Charges | | = | $10.00 |

| | | |
|---|---|---|
| NSF Charge | = | $15.00 |
| Bankruptcy Attorney Fees & Costs: | = | $638.00 |
| **Total Delinquencies:** | | **$1,396.00** |

10.    These amounts due and owing are in addition to any amounts that have come due after the filing of this Motion pursuant to the terms of the Note and Deed of Trust.

11.    The sums set forth in this declaration do not include any late charges, escrow advances, or other fees and charges that might otherwise be included in the event that a payoff is requested or provided. Additionally, pursuant to the Debtors' Statement of Intention filed February 10, 2020, the Debtors' intention is to surrender the Vehicle to Secured Creditor.  A copy of the Statement of Intention is attached hereto as **Exhibit "D"**. Debtor has already voluntarily surrendered the vehicle and movant has been in possession of the vehicle since February 22, 2021.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 3/24/2021 (Date) _____Mesa_____ (City), AZ (State)

_____
Signature

_____
Jennifer Cruise
Print Name

# EXHIBIT "A"

# CARVANA

1930 W. Rio Salado Pkwy
Tempe, AZ 85281
Office: 602.852.6604
Fax: 602.667.2581
Email: legal@carvana.com

August 29, 2018

To Whom It May Concern,

This letter shall serve as formal acknowledgement that Bridgecrest is a valid loan servicer for Carvana loans.

If you have any questions, please contact me at the email address or phone number above.

Sincerely,

_____

Name: Paul Breaux

Title: General Counsel, Vice President, and Secretary

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

NE-102 10/10/2015

# Retail Installment Contract and Security Agreement

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary |
|---|---|---|
| CARVANA, LLC | Vincent Dominguez | No. ▓▓▓▓▓ |
| 1700 W 29TH ST | 242 N Custer Ave | Date 06/05/2020 |
| KANSAS CITY MO 64108-3606 | Grand Island NE 68803 | |

☐ Business, commercial or agricultural purpose Contract.

## Truth-In-Lending Disclosure

| Annual Percentage Rate | Finance Charge | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid when you have made all scheduled payments. | The total cost of your purchase on credit, including your down payment of $ 1,300.00 . |
| 17.547 % | $ 10,453.73 | $ 16,750.35 | $ 27,204.08 | $ 28,504.08 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 71 | $ 378.00 | monthly beginning 07/06/20 |
| 1 | $ 366.00 | 06/06/26 |
| N/A | $ N/A | N/A |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 15 days of its due date, you will be charged a late charge of the lesser of 5% of the unpaid amount of the payment due or $25.00.

**Prepayment.** If you pay off this Contract early, you ☐ may ☒ will not have to pay a Minimum Finance Charge.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2016 | Chevrolet | Malibu | Sedan | 1G1ZE5ST1GF208580 | 33251 |

☐ New
☒ Used
☐ Demo

Other:
N/A

## Description of Trade-In

| | | | |
|---|---|---|---|
| N/A | N/A | N/A | N/A |
| N/A | N/A | N/A | N/A |
| N/A | N/A | N/A | N/A |

## Conditional Delivery

☐ **Conditional Delivery.** If checked, you agree that the following agreement regarding securing financing ("*Agreement*") applies: _____ N/A _____ . The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

## Sales Agreement

**Payment.** You promise to pay us the principal amount of $ 16,750.35 plus finance charge accruing on the unpaid balance at the rate of 17.547 % per year from the date of this Contract until maturity. After maturity, or after you default and we demand payment, we will

charge finance charges on the unpaid balance at 17.547 % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed*.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

**Origination Fee.** You agree to pay an origination fee of $ _____ N/A _____ that will be ☐ paid in cash. ☐ financed over the term of the Contract. The Origination Fee will be refundable if this Contract is canceled during the first 30 days.

☐ **Minimum Finance Charge.** You agree to pay a minimum finance charge of $ _____ N/A _____ if you pay this Contract in full before we have earned that much in finance charges.

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

## Itemization of Amount Financed

| | | | |
|---|---|---|---|
| a. | **Cash Price** of Vehicle, etc. (incl. sales tax of $ 1,124.25 ) | $ | 16,114.25 |
| b. | **Cash Price** of Service Contract, paid to: Carvana | $ | 1,200.00 |
| c. | **Cash Price** of N/A | $ | N/A |
| d. | **Cash Price** of N/A | $ | N/A |
| e. | **Cash Price** of N/A | $ | N/A |
| f. | **Cash Price** of N/A | $ | N/A |
| g. | Total **Cash Price** | $ | 17,314.25 |
| h. | Trade-in allowance | $ | 0.00 |
| i. | Less: Amount owing, paid to (includes q): N/A | $ | N/A |
| j. | Net trade-in (h-i; if negative, enter $0 here and enter the amount on line q) | $ | 0.00 |
| k. | Cash payment | $ | 1,300.00 |
| l. | Manufacturer's rebate | $ | 0.00 |
| m. | Deferred down payment | $ | 0.00 |
| n. | Other down payment (describe) N/A | $ | N/A |
| o. | **Down Payment** (j + k + l + m + n) | $ | 1,300.00 |
| p. | **Unpaid balance of Cash Price** (g-o) | $ | 16,014.25 |
| q. | Financed trade-in balance (see line j) | $ | 0.00 |
| r. | Paid to public officials, including filing fees | $ | 736.10 |
| s. | Insurance premiums paid to insurance company(ies) | $ | 0.00 |
| t. | To: N/A | $ | N/A |
| u. | To: N/A | $ | N/A |
| v. | To: N/A | $ | N/A |
| w. | To: N/A | $ | N/A |
| x. | To: N/A | $ | N/A |
| y. | To: N/A | $ | N/A |
| z. | To: N/A | $ | N/A |
| aa. | To: N/A | $ | N/A |
| bb. | To: N/A | $ | N/A |
| cc. | To: N/A | $ | N/A |
| dd. | **Total Other Charges/Amts Paid** (q thru cc) | $ | 736.10 |
| ee. | **Prepaid Finance Charge** | $ | 0.00 |
| ff. | **Amount Financed** (p + dd-ee) | $ | 16,750.35 |

We may retain or receive a portion of any amounts paid to others.

## Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below **only** the coverages you have chosen to purchase.

**Credit Life**

☐ Single  ☐ Joint  ☐ None

Premium $ N/A   Term N/A

Insured N/A

**Credit Disability**

☐ Single  ☐ Joint  ☐ None

Premium $ N/A   Term N/A

Insured N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

N/A

By: _____  DOB _____

N/A

By: _____  DOB _____

N/A

By: _____  DOB _____

**Property Insurance.** You must insure the Property. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ 1,000 . If you get insurance from or through us you will pay $ N/A for N/A of coverage.

This premium is calculated as follows:

| | | | |
|---|---|---|---|
| ☐ | $ N/A Deductible, Collision Cov. | $ | N/A |
| ☐ | $ N/A Deductible, Comprehensive | $ | N/A |
| ☐ | Fire-Theft and Combined Additional Cov. | $ | N/A |
| ☐ | | $ | N/A |

**Liability insurance coverage for bodily injury and property damage caused to others is not included in this Contract unless checked and indicated.**

*[This area intentionally left blank.]*

*[This area intentionally left blank.]*

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

## Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☒ **Service Contract**
Term _____ 24 months
Price $ 1,200.00
Coverage _____ Carvana Vehicle Protection

☐ **Gap Waiver or Gap Coverage**
Term _____ N/A months
Price $ _____ N/A
Coverage _____ N/A

☐ _____ N/A
Term _____ N/A
Price $ _____ N/A
Coverage _____ N/A

_Vince Dominguez_ _____ 06/05/2020
By: Vincent Dominguez        Date

_____ N/A _____ N/A
By: _____ Date

_____ N/A _____ N/A
By: _____ Date

## Additional Terms of the Sales Agreement

**Definitions.** "Contract" refers to this Retail Installment Contract and Security Agreement. The pronouns "you" and "your" refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns "we", "us" and "our" refer to the Seller and any entity to which it may transfer this Contract. "Vehicle" means each motor vehicle described in the Description of Property section. "Property" means the Vehicle and all other property described in the Description of Property and Additional Protections sections.

**Purchase of Property.** You agree to purchase the Property from Seller, subject to the terms and conditions of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the Description of Property section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The "Total Sale Price" is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the Truth-In-Lending Disclosure assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** If you prepay this Contract in full or in part at any time. See Minimum Finance Charge section. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Returned Payment Charge.** If you make any payment on this Contract that is returned or dishonored, you agree to pay a fee of $15.00.

**Governing Law and Interpretation.** This Contract is governed by the law of Nebraska and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

♦ You fail to make a payment as required by this Contract.

♦ The prospect of payment, performance, or realization of the Property is significantly impaired.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we may exercise the remedies provided by law and this Contract after we give you any notice and opportunity to cure your default that the law requires. Those remedies include:

♦ We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.

♦ We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so, provided we give you prior notice and a reasonable opportunity to perform. We are not required to make any such payments or repairs. You will repay us that amount when we tell you to do so. That amount will earn finance charges from the date we pay it at the rate described in the Payment section until paid in full.

♦ We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.

♦ We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.

♦ We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.

♦ Except where prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

◆ You must pay this Contract even if someone else has also signed it.

◆ We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.

◆ We may release any security and you will still be obligated to pay this Contract.

◆ If we give up any of our rights, it will not affect your duty to pay this Contract.

◆ If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

## Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:

◆ You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.

◆ You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.

◆ You agree not to remove the Property from the U.S. without our prior written consent.

◆ You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.

◆ You will pay all taxes and assessments on the Property as they become due.

◆ You will notify us with reasonable promptness of any loss or damage to the Property.

◆ You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the *Payment* section until paid in full.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

*[This area intentionally left blank.]*

## Notices

**Note. If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply.** **NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Sí compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.**

## Third Party Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, *"you"* means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

| N/A | N/A |
|---|---|
| **By:** | **Date** |

Signature of Third Party Owner (NOT the Buyer)

*[This area intentionally left blank.]*

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

[X] **Electronic Signature Acknowledgment.** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

## Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

## Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

| | |
|---|---|
| *Vince Dominguez* | 06/05/2020 |
| **By:** Vincent Dominguez | **Date** |

| | |
|---|---|
| N/A | N/A |
| **By:** | **Date** |

| | |
|---|---|
| N/A | N/A |
| **By:** | **Date** |

**NOTICE TO THE BUYER.** DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COPY OF THE CONTRACT YOU SIGN.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

**Buyer**

| | |
|---|---|
| *Vince Dominguez* | 06/05/2020 |
| **By:** Vincent Dominguez | **Date** |

| | |
|---|---|
| N/A | N/A |
| **By:** | **Date** |

| | |
|---|---|
| N/A | N/A |
| **By:** | **Date** |

**Seller**

| | |
|---|---|
| *Paul Fox* | 06/05/2020 |
| **By:** CARVANA, LLC | **Date** |

**Assignment.** This Contract and Security Agreement is assigned to
N/A
_____ ,
the Assignee, phone _____ N/A _____ . This assignment is made under the terms of a separate agreement made between the Seller and Assignee.

[ ] This Assignment is made with recourse.

**Seller**

| | |
|---|---|
| N/A | |
| **By:** | **Date** |

# EXHIBIT "B"

ELT Printout without Account Information                                                   Page 1 of 1



Collateral Management Services
9750 Goethe Road | Sacramento, CA 95827
www.dealertrack.com

# Carvana LLC

## Lien and Title Information

### Lienholder

| | |
|---|---|
| **ELT Lien ID** | ▮▮▮▮▮▮ |
| **Lienholder** | Carvana LLC |
| **Lienholder Address** | PO Box 29002 |
| | Phoenix, AZ 85038 |
| **Title Request Date** | 2/25/2021 |

### Vehicle and Titling Information

| | | | |
|---|---|---|---|
| **VIN** | 1G1ZE5ST1GF208580 | **Issuance Date** | 7/10/2020 |
| **Title Number** | ▮▮▮▮▮▮ | **Received Date** | 7/11/2020 |
| **Title State** | NE | **ELT/Paper** | ELECTRONIC |
| **Year** | 2016 | **Odometer Reading** | 33251 |
| **Make** | CHEV | **Branding** | |
| **Model** | | | |
| | | | |
| **Owner 1** | VINCENT J DOMINGUEZ | | |
| **Owner 2** | | | |
| **Owner Address** | 242 N CUSTER AVE | | |
| | GRAND ISLAND, NE 688034219 | | |

**Printed:** Thursday, March 18, 2021 1:06:53 PM PST

# EXHIBIT "C"



Did you know J.D. Power's industry-leading valuations data drives NADAguides.com? Learn more



⌂ > Car Pricing > Change Make > Change Year & Model > Change Trim > Change ZIP >
Change Mileage & Options > Values

⇄ **CHANGE CAR**    ⊕ **COMPARE**

# 2016 Chevrolet Malibu Prices and Values

## Sedan 4D LT I4 Turbo

**VALUES**    PICTURES    SPECIFICATIONS    REVIEWS & RATINGS    SAFETY


2016 Chevrolet Malibu Prices and Values Sedan 4D LT I4
📷 **View more photos & video (34)**

See other trim levels    | Sedan 4D LT I4 Turbo ⌄ |

## Values & Cost Details °

| | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Retail |
|---|---|---|---|---|
| Base Price | $8,900 | $10,075 | $11,025 | $13,650 |
| Mileage (42,256) | $1,700 | $1,700 | $1,700 | $1,700 |
| Total Base Price | $10,600 | $11,775 | $12,725 | $15,350 |
| **Options** (change) | | | | |
| **Price + Options** | **$10,600** | **$11,775** | **$12,725** | **$15,350** |

Selling Your Car? **Get an Online Offer** in 2 Minutes.

| **Certified Pre-Owned (CPO)** ⓘ | +$900 |
|---|---|
| **Certified Price with Options** | **$16,250** |

# EXHIBIT "D"

| Fill in this information to identify your case: |
|---|

| | |
|---|---|
| Debtor 1 | **Vincent Julian Dominguez** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | **Daria Leann Dominguez** |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF NEBRASKA |
| Case number | **21-40119** |
| (if known) | |

☐ Check if this is an
   amended filing

## Official Form 108
# Statement of Intention for Individuals Filing Under Chapter 7          12/15

**If you are an individual filing under chapter 7, you must fill out this form if:**
■ **creditors have claims secured by your property, or**
■ **you have leased personal property and the lease has not expired.**
**You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form**

**If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).**

### Part 1:  List Your Creditors Who Have Secured Claims

1. **For any creditors that you listed in Part 1 of Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D), fill in the information below.**

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name: **Ace Rent to Own** <br><br> Description of property **Stove** <br><br> securing debt: | ☐ Surrender the property. <br> ☐ Retain the property and redeem it. <br> ☐ Retain the property and enter into a *Reaffirmation Agreement.* <br> ■ Retain the property and [explain]: <br> **Retain & Pay** | ☐ No <br><br> ■ Yes |
| Creditor's name: **Ace Rent to Own** <br><br> Description of property **Washer & Dryer** <br><br> securing debt: | ☐ Surrender the property. <br> ☐ Retain the property and redeem it. <br> ☐ Retain the property and enter into a *Reaffirmation Agreement.* <br> ■ Retain the property and [explain]: <br> **Retain & Pay** | ☐ No <br><br> ■ Yes |
| Creditor's name: **Bridgecrest** <br><br> Description of property **2016 Chevy Malibu** | ■ Surrender the property. <br> ☐ Retain the property and redeem it. <br> ☐ Retain the property and enter into a *Reaffirmation Agreement.* <br> ☐ Retain the property and [explain]: | ■ No <br><br> ☐ Yes |

Official Form 108          **Statement of Intention for Individuals Filing Under Chapter 7**          page 1

| Debtor 1 | **Vincent Julian Dominguez** | | |
|---|---|---|---|
| Debtor 2 | **Daria Leann Dominguez** | Case number *(if known)* | **21-40119** |

securing debt:

---

| **Part 2:** | **List Your Unexpired Personal Property Leases** |
|---|---|

**For any unexpired personal property lease that you listed in Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G), fill in the information below. Do not list real estate leases. Unexpired leases are leases that are still in effect; the lease period has not yet ended. You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).**

| **Describe your unexpired personal property leases** | **Will the lease be assumed?** |
|---|---|

Lessor's name:    **John and Amber Kuck**

☐ No

■ Yes

Description of leased    **Rental Agreement**
Property:

---

| **Part 3:** | **Sign Below** |
|---|---|

**Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal property that is subject to an unexpired lease.**

| X | **/s/ Vincent Julian Dominguez** | X | **/s/ Daria Leann Dominguez** |
|---|---|---|---|
| | **Vincent Julian Dominguez** | | **Daria Leann Dominguez** |
| | Signature of Debtor 1 | | Signature of Debtor 2 |

Date    **February 10, 2021**        Date    **February 10, 2021**

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

## <u>CERTIFICATE OF SERVICE</u>

On March 24, 2021, I served the foregoing documents described as Motion for Relief from the Automatic Stay on the following individuals by electronic means through the Court's ECF program:

COUNSEL FOR DEBTOR(S)
Anna Judith Burge                    steffenslaw@gpcom.net

TRUSTEE
James A. Overcash                    trustee@woodsaitken.com

US TRUSTEE
Jerry Jensen                         ustpregion13.om.ecf@usdoj.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

<u>/s/ Brandy Carroll</u>
Brandy Carroll

On March 24, 2021, I served the foregoing documents described as Motion for Relief from the Automatic Stay on the following individuals by depositing true copies thereof in the United States mail at Santa Ana, California enclosed in a sealed envelope, with postage paid, addressed as follows:

| | |
|---|---|
| Debtor(s)<br>Vincent Julian Dominguez<br>623 7th St.<br>Saint Paul, NE 68873<br><br>Daria Leann Dominguez<br>623 7th St.<br>Saint Paul, NE 68873 | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

<u>/s/ Brandy Carroll</u>
Brandy Carroll